IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **BILLY EUGENE NOBLE,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. V-07-29 |
| | § | |
| **NATHANIEL QUARTERMAN, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Institutional Division,**[1] | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION & ORDER

Pending before this Court is a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (Dkt. No. 1), filed by Billy Eugene Noble ("Noble"), an inmate of the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID"). After considering Noble's petition, the record and the applicable law, the Court concludes that Noble's habeas petition should be denied.

**Procedural History**

According to Noble's petition, sometime in 1989 he pleaded guilty to burglary of a habitation with intent to commit theft within. Dkt. No. 1 at 2. Accordingly, on September 20, 1989, the 185th District Court of Harris County, Texas entered judgment against Noble and sentenced him to five years incarceration in the TDCJ-CID. *Id.* Noble apparently did not appeal his guilty plea, judgment or sentence. Dkt. No. 1 at 3; *see also* Texas Judiciary Website, http://www.14thcoa.courts.state.tx.us and http://www.1stcoa.courts.state.tx.us (no direct appeal filed). Furthermore, there is no indication that Noble filed a motion for new trial or any other post-conviction motions with the state court that

---

[1] Nathaniel Quarterman is the proper respondent and is hereby substituted as such. FED. R. CIV. P. 25(d)(1).

would have tolled the appellate deadline under Texas law. *Id.*

Although it is not entirely clear from Noble's habeas petition, it appears that, in an unrelated proceeding in 1991, the 177th District Court of Harris County, Texas found Noble guilty of credit card abuse and sentenced him to twenty eight years incarceration in the TDCJ-CID. Dkt. No. 1 at 4. This later court apparently enhanced Noble's sentence based on his 1989 conviction for burglary of a habitation as well as other criminal acts not at issue here.[2] *Id.*

Noble filed a state petition for writ of habeas corpus challenging his 1989 guilty plea and sentence on April 8, 2005.[3] The Texas Court of Criminal Appeals Website, http://www.cca.courts.state.tx.us. The Court of Criminal Appeals denied his application without written order on August 17, 2005. *Id.* Finally, on March 3, 2007, more than seventeen years after his conviction for burglary of a habitation, Noble filed the present federal habeas petition under 28 U.S.C. § 2254. Dkt. No. 1 at 9; *Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998) (a federal habeas petition is considered filed on the date it is placed in the prison mail system).

---

[2] Although difficult to discern, Noble's habeas petition appears to challenge the sufficiency of the evidence surrounding his conviction for burglary of a habitation with intent to commit theft within. *See* Dkt. No. 1 at 2 (listing the 1989 conviction as the conviction under attack). However, to the extent he challenges the enhancement of his sentence stemming from his 1991 credit card abuse conviction by the use of his burglary conviction, his claims would still fail for the reasons discussed below. In other words, whether the Court were to focus its attention on Noble's 1989 conviction or his 1991 conviction and sentence enhancement, his claims would clearly be barred by the procedural infirmities detailed further below.

[3] Noble asserts that he filed a state application for writ of habeas corpus on August 16, 2006 and "filed one months before that wasn't answered." Dkt. No. 1 at 4. A search of the Texas Court of Criminal Appeals Website, http://www.cca.courts.state.tx.us, reveals that Noble filed a *petition for a writ of mandamus* on July 19, 2006. Nothing in the Court of Criminal Appeals' online records indicates Noble filed an August 16, 2006 application for habeas or mandamus relief. However, because Noble reports that his August 16, 2006 "application for writ of habeas corpus" was denied on December 13, 2006, the same date his July 19, 2006 application for a writ of mandamus was denied, the Court reads these two 2006 filings as part of the same July 19, 2006 effort at gaining mandamus relief. Moreover, it appears that Noble filed at least one other petition for a state writ of habeas corpus in October of 2006 that was denied on December 13, 2006, the same date as the July 2006 application. Further clouding Noble's state filings is an April 8, 2005 application for a state writ of habeas corpus. Because it is unclear which state application for a writ of habeas corpus Noble is attempting to incorporate, the Court, out of an abundance of caution, will credit Noble with filing his state application at the earliest date—April 8, 2005. However, even if the Court were to adopt the alternative dates described above, its analysis and conclusions would not differ.

**Statute of Limitations**

Noble's federal habeas petition is subject to the amendments to the federal habeas corpus statutes embodied in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (holding that federal habeas petitions filed after the AEDPA's April 24, 1996 effective date are subject to the provisions of that statute, including the statute of limitations) (citing *Lindh v. Murphy*, 521 U.S. 320, 336 (1997)). Under the AEDPA, federal habeas petitions which challenge state court judgments are subject to a one-year limitations period pursuant to 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

It is clear that Noble's challenge to his September 20, 1989 judgment and sentence is barred by the AEDPA's statute of limitations. Noble's judgment became final on October 20, 1990 due

to his failure to file a timely notice of appeal. *See Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000) (when a petitioner fails to appeal, the limitations period begins to run from the expiration of the time to appeal); TEX. R. APP. P. 26.2(a)(1) (West 2003) (defendants must file a notice of appeal "within 30 days after the day sentence is imposed or suspended in open court"). However, in cases where the limitations period expired before the AEDPA's enactment, as is the case here, the petitioner is provided a one-year grace period in which to file a federal habeas petition. *United States v. Flores*, 135 F.3d 1000, 1002-05 (5th 1998). In the event a petitioner is entitled to the one-year grace period, the grace period begins to run with the passage of the AEDPA on April 24, 1996 and closes on April 24, 1997. *See Flanagan*, 154 F.3d at 202 (establishing April 24, 1997 as the last day of the grace period to file a timely federal habeas petition). Thus, Noble's March 3, 2007 federal habeas petition was filed nearly ten years late.

Although Noble filed an application for writ of habeas corpus with the Texas Court of Criminal Appeals on April 8, 2005, the statute of limitations concerning his federal habeas petition had already long expired, rendering his petition to this Court untimely. *See Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999) (an expired limitations period cannot be revived by filing a state habeas petition). Noble's habeas petition is therefore patently time-barred unless he can show that the limitations period was tolled either by statute as set forth in 28 U.S.C. § 2244(d) or under principles of equity. Noble neither asserts, nor can the Court otherwise identify, anything in his petition that supports extending the applicable limitations period. Because Noble does not satisfy any of the exceptions to the AEDPA's statute of limitations, his habeas petition is hereby dismissed as time-barred.

**Certificate of Appealability**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability" ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2254(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). Although Noble has not yet filed a notice of appeal, the Court nonetheless addresses whether he would be entitled to a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (it is appropriate for a district court to address sua sponte the issue of whether a COA should be granted or denied).

To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

It is unnecessary for the Court to address whether the § 2254 petition before this Court states a valid claim of the denial of a constitutional right, because Noble cannot establish the second *Slack* criteria. That is, the Court concludes that reasonable jurists could not debate the denial of his § 2254 petition on procedural grounds. Under the plain record of this case, Noble's claims are barred by the applicable statute of limitations. Accordingly, Noble is not entitled to a COA.

**Conclusion**

For the foregoing reasons, Noble's Petition for Writ of Habeas Corpus by a Person in State

Custody pursuant to 28 U.S.C. § 2254 (Dkt. No. 1) is DENIED.  The Court also DENIES Noble a Certificate of Appealability.

    It is so **ORDERED**.

    Signed this 27th day of February, 2008.

                                  JOHN D. RAINEY
                                UNITED STATES DISTRICT JUDGE